UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HERBOLD,

    Plaintiff,

v.                                                         Case No: 8:14-cv-264-T-36MAP

JOHN COTTAM, M.D., P.A.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon the Defendant John Cottam, M.D., P.A.'s[1] Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 11). Plaintiff John Herbold responded in opposition to this motion (Doc. 16). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss.

**I.**     **BACKGROUND**

    **A.**     **Statement of Facts**[2]

Herbold is a deaf individual who prefers to communicate using American Sign Language. Around September 2011, he sought medical attention from Cottam regarding a dermatological issue on his face. A week prior to his first appointment, Herbold requested that a sign language interpreter be provided, but when Herbold arrived for the appointment, no interpreter was present.

---

[1] The Defendant in this case is John Cottam, M.D., P.A., and is referred to herein as "Defendant." Dr. John Cottam, the individual, is referred to as "Cottam."

[2] The following statement of facts is derived from Plaintiff's Second Amended Complaint (Doc. 9), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

Herbold then made an additional request for an interpreter, and one was sent to the appointment. After arriving, the interpreter translated the dialogue between Cottam and Herbold, explaining various aspects of the medical procedure. Herbold subsequently met with Cottam on two more occasions: once, for the surgical procedure itself, and once, for the follow-up. At both the meetings, no interpreters were present, and despite Herbold's requests for an interpreter, none were provided.

### B. Procedural History

Herbold filed a complaint alleging that Defendant discriminated against him on the basis of his disability in violation of 42 U.S.C. § 12181(7) (Count I) and alleging discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count II). *See* Doc. 1. Herbold claims that, as a consequence of Defendant's refusal to provide him with an interpreter, he was uninformed as to the surgery and the results of any tests, and was unable to effectively ask questions or voice concerns about his condition and future care. Defendant now brings a motion to dismiss on the grounds that Herbold has failed to adequately allege standing.[3]

## II. DISCUSSION

The doctrine of constitutional standing serves to identify the disputes that may be resolved by a federal court, *see Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009), and its central purpose is to ensure that the parties before the Court have a concrete interest in the outcome of the proceedings such that they can be expected to frame the issues properly, *see Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (*en banc*), *cert. denied*, 513 U.S. 1045 (1994). If a district

---

[3] Defendant also refers to Rule 12(b)(6), Fed. R. Civ. P., as a basis for dismissal of the complaint. However, the argument in the motion pertains to standing. To the extent Defendant contends that the complaint fails to state a claim for relief, the Court disagrees. Plaintiff's complaint states a plausible claim for relief.

2

court determines that there is no standing and thus no subject matter jurisdiction, it cannot hear the merits of the case. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005). Consequently, every complaint must contain sufficient allegations of standing. *See Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994). In order to establish standing, a plaintiff must adequately allege and ultimately prove three elements: (1) that he or she has suffered an "injury-in-fact;" (2) that there is a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A defendant may seek to dismiss a complaint for the lack of subject matter jurisdiction in two ways: facial, and factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack requires the court "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 1529 (quotation marks, alterations, and citations omitted). In evaluating a facial challenge, a court thus affords the plaintiff "safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* (citation omitted). On the other hand, a factual attack challenges the facts in the pleadings upon which subject matter jurisdiction is premised, and requires a court to consider matters outside the pleadings, such as testimony and affidavits. *See id.* To evaluate a factual attack where the jurisdictional basis of a claim is intertwined with the merits, a court applies a Rule 56 summary judgment standard—that is, it considers the evidence in the light most favorable to the non-moving party and determines whether there remains a genuine dispute of material fact. *See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A.     **Facial Challenge**

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." Regulations promulgated by the Department of Health and Human Services offer guidance regarding the requirements of this statute. *See Liese v. Indian River County Hospital Dist.*, 701 F.3d 334, 342 (11th Cir. 2012). In relevant part, these regulations provide that prohibited discriminatory actions include "[p]rovid[ing] a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(iii). These regulations further require the provision of "appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." *Saltzman v. Bd. of Commissioners of the N. Broward Hospital Dist.*, 239 Fed. App'x 484, 487 (11th Cir. 2007) (quoting 45 C.F.R. § 84.52(d)).

Defendant argues that he is entitled to dismissal because the Complaint "fails to allege sufficient facts to show that Plaintiff was discriminated against solely by reason of his or her disability." Doc. 11 at 3. The thrust of Defendant's contentions are that Herbold's pleadings are insufficient because he alleges only that he was not given an interpreter during the second and third appointments, but does not set forth any reasons as to why an interpreter was required for effective communications or why effective communications during those appointments were even necessary for participation in his treatment. Doc. 11 at 3-5. Defendant thus reasons that, because Herbold has not alleged factual support for why an interpreter was the "only option to comply with

the Rehabilitation Act," he has not demonstrated a case and controversy that falls within the Court's jurisdiction. Doc. 11 at 5.

The Court is not persuaded by this argument. To begin with, whether an interpreter was an "appropriate" auxiliary aid is a fact-intensive determination that is inappropriate for resolution on the pleadings. *See Liese*, 701 F.3d at 342-43. Moreover, Herbold has pleaded facts that, if taken as true, establish that Defendant failed to provide an appropriate auxiliary aid, denying him the opportunity to obtain service as effective as that provided to a non-disabled person. Indeed, Herbold has alleged that he was unable to fully understand what took place during his second and third appointments because of his disability (i.e., his deafness), Compl. ¶ 9, and that Defendant denied him the opportunity to understand his condition and/or treatment by refusing to provide him with an interpreter during those appointments, Compl. ¶¶ 2-3.

Defendant also argues that the Complaint fails to demonstrate an injury-in-fact because, aside from the fact that Herbold was not given an interpreter, "there are no allegations demonstrating how Plaintiff was prevented from effectively communicating." Doc. 11 at 6. This is incorrect. Herbold has alleged that, as a consequence of not having an interpreter, he "did not fully understand what took place" and "was unable to effectively ask questions or voice concerns about his condition and what future care was needed." Compl. ¶ 9; *see also* Compl. ¶ 18.

B.   **Factual Challenge**

Defendant also challenges the factual allegations pled in the Complaint, arguing that they "are simply untrue." Doc. 11 at 6. Defendant submits Cottam's affidavit, which is conclusory in part, but claims as follows: (1) that Herbold agreed that an interpreter would not be required for the second and third appointments because passing notes would be sufficient, Doc. 11-1 ("Cottam Aff.") ¶ 11; (2) that, at the first meeting, Herbold was given an opportunity to ask questions and it

was clear that he understood the process, risks, and procedures by the end of that meeting, Cottam Aff. ¶ 12; (3) that Herbold never requested an interpreter during his second and third visits, Cottam Aff. ¶ 13; (4) that no detailed communications were necessary for the second and third meetings, Cottam Aff. ¶¶ 16-21; and (5) that he was able to effectively communicate with Herbold during all three meetings, Cottam Aff. ¶ 22. Although it is not immediately clear how these facts relate to standing, they presumably go to the injury-in-fact element and are intertwined with the merits of Herbold's claim.

In response, Herbold submits his own declaration countering each of these points: (1) that he never told Cottam he would not need an interpreter or that he could communicate by passing notes, Doc. 16-1 ("Herbold Decl.") ¶ 26; (2) that, after the first meeting, he still did not know what his condition could be, nor was he given any idea about a potential diagnosis, Herbold Decl. ¶ 10; (3) that he requested an interpreter at the second and third appointments, Herbold Decl. ¶¶ 14, 20; and (4) that he was unable to understand what was happening to him at the second and third meetings, Herbold Decl. ¶¶ 18, 19, 27; and (5) that he does not understand written notes or read lips, and that ASL is his primary, predominant, and preferred form of communications, Herbold Decl. ¶ 5.

The parties have presented an affidavit and declaration which contain disputed facts, some of which implicate elements of the cause of action. What is not in dispute, however, is: (1) that Plaintiff is deaf; (2) that he prefers to communicate using American Sign Language; and (3) that no interpreter was provided for his second and third visits with Cottam.

Finally, Defendant also argues that the Complaint fails to satisfy the injury-in-fact element because it "is completely devoid of any allegations as to what damages Plaintiff claims to [have] suffered." Doc. 11 at 9. This argument fails, however, because it conflates injury-in-fact with

damages. Herbold has repeatedly alleged that he was unable to effectively communicate with Cottam regarding his treatment, *see, e.g.*, Herbold Decl. ¶ 27, which is a "concrete and particularized" injury that he personally and actually suffered, *see Lujan*, 504 U.S. at 560. For purposes of a motion to dismiss, Herbold thus has satisfied the injury-in-fact requirement. And although Herbold must eventually prove any monetary damages that he wishes to recover, he is not required to set forth a precise figure in his Complaint.

Based on these facts, Plaintiff has demonstrated that standing exists. The Court has satisfied itself that it has jurisdiction to hear this case.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 31, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record